UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**08-23500**

IVANAH THOMAS

    Plaintiff,

vs.

CIV-MOORE MAGISTRATE JUDGE
SIMONTON

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES, INC.

    Defendant

## COMPLAINT

**COMES NOW**, the Plaintiff, **IVANAH THOMAS**, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is no diversity of citizenship as Plaintiff is a resident of the state of Florida. This is a maritime cause of action.

2. Plaintiff complied with all conditions precedent to bring this action.

3. Defendant is a Panamanian Corporation which is licensed to do

business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three.

5. On or about December 26, 2007, Plaintiff was an adult fare paying passenger on the m/v CARNIVAL LEGEND, which vessel was owned and/or operated and/or controlled by Defendant.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a passenger deck in a reasonably safe condition by cleaning up a foreign substance on the floor;

   b. Failing to warn the Plaintiff of the danger of spilled ice cream and/or other foreign substance on the floor;

   c. Failing to properly maintain the floor of a passenger deck in a clean and dry condition;

   d. Failing to have a non-slip surface on a passenger deck where it is reasonably foreseeable that passengers will drop or spill food, drinks or, in this case, ice cream, on the floor;

    e.    Failing to have a reasonable in the circumstances policy for cleaning up spills on the floor when it has notice of the presence of a foreign substance on the floor by not guarding the spill or foreign substance and instead simply notifying housekeeping to clean up the foreign substance from the floor.

8. As a result of the foregoing, the Plaintiff was injured when she slipped and fell on spilled ice cream on the floor of a passenger deck, which had been allowed to remain there after notice was given of the existence of the spilled ice cream to gift shop employees. The spill occurred in front of the gift shop and Defendant was on notice that the spill had occurred but acted unreasonably in failing to clean the area or guard the spill before Plaintiff slipped and fell on it.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition (spills on passenger decks) was ongoing, repetitive or recurring with some regularity.

10. In the alternative, or in addition hereto, Defendant is not required to have notice of the condition because Defendant engaged in and was

guilty of negligent maintenance and/or engaged in negligent methods of operation in regard to keeping passenger decks clean and dry.

11. Plaintiff acted with due care for her own safety.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earning capacity, suffered an aggravation of a pre-existing conditions, and lost the value of her cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs. Jury trial is demanded.

DATED this 19 day of December, 2008.

HOFFMAN LAW FIRM
2888 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306
Telephone: (954) 566-7080
Fax: (954)-566-1540

By: _____
PAUL M. HOFFMAN, ESQ.
Florida Bar No: 0279897

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

FILED
DEC 19 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
IVANAH THOMAS

**DEFENDANTS**
CARNIVAL CORP D/B/A
CARNIVAL CRUISE LINES INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PAUL HOFFMAN ESQ  954-566-7080
2598 E. Oakland Park Blvd
Fort Lauderdale FL 33306

ATTORNEYS (IF KNOWN)
UNKNOWN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade  08CV23500 - MOORE/TORRES

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)
[checked: Marine under Torts]

**VI. CAUSE OF ACTION**
28 U.S.C. §1333
Plaintiff slipped and fell on defendant's ship

LENGTH OF TRIAL: 4 DAYS

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 12/19/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 992315  AMOUNT 350-  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____